CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Dawn M. Koki

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN M. KOKI,<br><br>      Plaintiff,<br><br>   vs.<br><br>SECURITAS SECURITY<br>SERVICES, USA, INC.,<br><br>      Defendant. | CIVIL NO. _____<br><br>COMPLAINT; JURY<br>DEMAND; SUMMONS |

### COMPLAINT

COMES NOW, Plaintiff DAWN M. KOKI, by and through her attorneys, Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff DAWN M. KOKI (hereinafter "KOKI") is and was at all times mentioned herein a resident of the City and County of Honolulu, and citizen of the State of Hawaii.

2. Defendant SECURITAS SECURITY SERVICES, USA, INC., (hereinafter "SECURITAS") is a foreign profit corporation, incorporated in the State of Delaware, with a principal place of business in the City and County of Honolulu, State of Hawaii.

3. Plaintiff was hired by Defendant SECURITAS on January 26, 2007.

4. On July 4, 2017, Plaintiff was suspended, and on September 14, 2017, Plaintiff was terminated from employment with Defendant SECURITAS as an Airport Security Officer due to discrimination based on her sex (female), and in retaliation for complaining about the discrimination.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on October 2, 2018.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant SECURITAS on January 26, 2007.

8. Plaintiff was subjected to unequal terms and conditions of employment based upon her sex (female) and was terminated from employment with Defendant SECURITAS based upon her sex and in retaliation for complaining about the discrimination.

9. Throughout 2017, Plaintiff was subjected to unequal terms and conditions of employment based on her sex (female) by Watch Commander, Amgad Yousseff (hereinafter "YOUSSEFF"). Plaintiff was also overly scrutinized in her work by her Watch Commander, when male employees were not given the same treatment.

10. The unequal terms and conditions included but were not limited to: Requiring Plaintiff to call in to the Base Office when taking a bathroom break; not allowing Plaintiff to go to the Base office without notifying the Base Office; criticizing Plaintiff about not being in the correct uniform clothing; requesting Plaintiff to button the top button of her shirt; criticizing Plaintiff about her cell phone use whether for work or personal use; and prohibiting Plaintiff from getting hot water or coffee when working the night shift. Male employees were treated differently regarding these issues.

3

11. Male employees were not similarly subjected to the foregoing unequal terms and conditions. Plaintiff was told that she "complains too much because she is a girl".

12. On numerous occasions in 2017, Plaintiff complained to management, including but not limited to Captain Glenn Kawamura, Captain Derick Bernell, Captain Clinton Coelho and YOUSSEFF, about being subjected to unequal terms and conditions of employment because of her sex. However, the unequal terms and conditions continued. Plaintiff also complained that bathrooms were not available to her and security officers.

13. On September 11, 2017, Plaintiff was accused of workplace violence for brushing a co-workers' knee. Plaintiff denied hurting or intentionally intending to touch the co-worker.

14. On September 14, 2017, Plaintiff received a letter dated September 13, 2017, notifying her that she was being terminated from employment with Defendant SECURITAS for workplace violence.

STATEMENT OF CLAIMS

COUNT I - DISCRIMINATION

15. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

4

16.   Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex (female) and based on retaliation for complaining of the discrimination.

17.   The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

18.   Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

19.   As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

20.   As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II – RETALIATION

21. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

22. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of discrimination laws for which Plaintiff is entitled to an award of damages to be proven at trial.

## COUNT III

## HAWAII WHISTLEBLOWER'S PROTECTION ACT

23. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

24. The discrimination and termination alleged was in violation of Hawaii Revised Statutes § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial.

25. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.     For reinstatement to employment with Defendant SECURITAS with all benefits reinstated; and

B.  For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.  For special damages, including back pay, front pay and other expenses; and

D.  For punitive damages; and

E.  For attorney's fees, costs, and interest, including prejudgment interest; and

F.  For such other and further relief as is appropriate.

DATED:  Honolulu, Hawaii, December 31, 2018.


                          /s/ Charles H. Brower
                          CHARLES H. BROWER
                          MICHAEL P. HEALY
                          Attorneys for Plaintiff
                          Dawn M. Koki